NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3416
_____

PATRICIA QUINN BRYSON,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01258)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2015

Before: FISHER, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: February 25, 2016)

_____

OPINION*
_____

ROTH, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Patricia Quinn Bryson appeals the District Court's denial of her summary judgment motion and grant of summary judgment in favor of the Commissioner of Social Security. The District Court determined that substantial evidence supported the Administrative Law Judge's (ALJ) denial of Bryson's application for Social Security Disability Insurance Benefits and Supplemental Security Income. We will affirm.

**I.**

On January 6, 2010, Bryson applied for benefits on the basis that she had been disabled since October 13, 2009. In his February 23, 2012 decision, the ALJ performed the five-step, sequential analysis for determining whether a claimant is disabled.[1] The ALJ determined that (1) Bryson has not engaged in substantial gainful activity since October 13, 2009; (2) Bryson suffers from severe impairments, including costochondritis, chronic obstructive pulmonary disease, hypertension, migraines, depression, anxiety, and personality disorder; (3) Bryson does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments; (4) Bryson has the residual functional capacity to perform a modified range of light work;[2] and (5) based on Bryson's age, education, work experience, and residual functional capacity, there are jobs in the national economy that Bryson can perform. Accordingly, the ALJ concluded that Bryson was not disabled from October 13, 2009, through February 23, 2012. The Appeals Council denied Bryson's request for review.

---

[1] *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Barnhart v. Thomas,* 540 U.S. 20, 24-25 (2003).

[2] "Light work" is defined as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Bryson then filed an action in the U.S. District Court for the Western District of Pennsylvania seeking review of the Commissioner's final decision. The District Court affirmed.

## II.[3]

We review "any findings of fact made by an ALJ under the deferential 'substantial evidence' standard" and will affirm as long as the ALJ's conclusions are supported by substantial evidence.[4] Substantial evidence is "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate."[5] If the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, "even if we would have decided the factual inquiry differently."[6]

Bryson first contends that the ALJ erred by failing to meaningfully consider the finding of examining psychological consultant, Dr. Farangis Goshtasbpour, that Bryson's preoccupation with her health issues may interfere with her ability to sustain long-term employment. But the ALJ properly considered Dr. Goshtasbpour's opinion as a whole. The ALJ first described Dr. Goshtasbpour's determination that Bryson had no notable learning disability, was able to understand, retain, and follow instructions reasonably well, and had the ability to concentrate long enough to perform simple repetitive tasks. The ALJ then discussed Dr. Goshtasbpour's conclusion that Bryson was stable enough to

---

[3] The District Court had jurisdiction to review a final administrative decision by the Social Security Commissioner pursuant to 42 U.S.C. § 405(g). We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).
[4] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014); *see* 42 U.S.C. § 405(g).
[5] *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995) (internal quotations omitted).
[6] *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).

3

perform day-to-day work, stating that he would afford "substantial weight" to this opinion because it was consistent with the medical evidence. Although the ALJ did not state his reasons for rejecting Dr. Goshtasbpour's statement that Bryson may be preoccupied with her health issues, an ALJ need not discuss "every relevant treatment note" to sufficiently develop the record.[7] We find that the ALJ's discussion of Dr. Goshtasbpour's opinion was more than sufficient to permit meaningful review.

Bryson next asserts that the ALJ erred by not recontacting Dr. Goshtasbpour. Under the regulation in effect at the time, an ALJ must recontact a medical source "when the report . . . contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."[8] This action is necessary only when the evidence received is "inadequate" for making a disability determination.[9] That was not the case here. The ALJ considered ample evidence presented by mental health professionals and Bryson's own medical records. One stray reference to Bryson's preoccupation with her health condition did not render this evidence inadequate or confusing. The ALJ did not, therefore, err by failing to recontact Dr. Goshtasbpour.

---

[7] *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001); *see also Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (explaining that an ALJ need not "use particular language or adhere to a particular format" but only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review").

[8] *Johnson v. Comm'r of Social Sec.*, 529 F.3d 198, 205 (3d Cir. 2008) (quoting then-20 C.F.R. § 416.912(e)(1)) (internal quotations omitted). This rule was withdrawn effective March 26, 2012, and recontacting a medical source is now discretionary. *See* 20 C.F.R. § 404.1520b(c)-(d).

[9] *See Johnson*, 529 F.3d at 205.

4

Finally, Bryson argues that the ALJ improperly rejected the medical opinion of Bryson's treating physician, Dr. Edward Salopek, regarding Bryson's residual functional capacity. An ALJ generally must give "more weight" to opinions from treating physicians.[10] When the ALJ determines that a treating physician's opinion on the nature and severity of an impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the ALJ must give that opinion "controlling weight."[11] When the medical evidence conflicts, however, "the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'"[12] Here, the ALJ did not afford Dr. Salopek's opinion controlling weight because it was not consistent with the medical evidence as a whole, with Dr. Salopek's own treatment records, or with Bryson's subjective complaints. Despite Bryson's claims, substantial evidence supports the ALJ's decision to instead credit the findings of Dr. Tuan Huynh and Dr. Betron Haywood. Nor did the ALJ improperly use his own medical judgment in making this determination.

## III.

We conclude that the ALJ's denial of Bryson's application is supported by substantial evidence. We will therefore affirm the District Court's denial of her summary judgment motion and its grant of summary judgment in favor of the Commissioner of Social Security.

---

[10] 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

[11] *Id.*

[12] *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).